# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Judie McNeil, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil No. 1:14-cv-00886 (APM) |
|  | ) |
| District of Columbia, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Judie McNeil alleges under the Individuals with Disabilities Education Act (IDEA) that the District of Columbia Public Schools denied her child a "free appropriate public education," in part by failing to develop and implement an adequate individualized education program (IEP). Compl. ¶ 1. McNeil's Complaint identifies two administrative decisions that addressed her son's IEP—one in 2012 and another in 2014. The Complaint does a poor job of specifying which of these two decisions she now challenges, creating confusion about which of the two administrative proceedings is at issue in this suit.

Before the court is Defendant District of Columbia's Motion to Dismiss, in which the District advances two grounds for dismissal. ECF No. 3. First, it contends that, if Plaintiff is challenging the 2014 Hearing Officer Determination (HOD), then her Complaint does not contain a "plain statement" showing that "the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). Def.'s Mot. to Dismiss, ECF No. 3 at 4. Second, it argues that, if Plaintiff is challenging the 2012 HOD, she has failed to exhaust her administrative remedies, rendering the

court without jurisdiction to hear that claim. *Id*. Though not unsympathetic to the District's arguments, the court ultimately disagrees with them and accordingly denies its Motion to Dismiss.

**I.       Dismissal For Failure to State a Claim as to the 2014 HOD**

In order for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must find that the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Naked assertion[s] devoid of further factual enhancement" are not sufficient to support a complaint. *Id*. (citing *Twombly*, 550 U.S. at 557) (alteration in original) (internal quotation marks omitted). Factual allegations are not required to be "detailed," but pursuant to the Federal Rules, they must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief," and the case can be dismissed. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)) (alteration in original) (internal quotation marks omitted).

The court's review of a Rule 12(b)(6) motion is not "limited to the four corners of the complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004). Instead, the court "must consider the complaint in its entirety, as well as other sources . . . in particular, documents incorporated into the complaint by reference . . . ." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *see also* Wright & Miller § 1357.

The court must accept the factual allegations as true and "construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (citations omitted) (internal quotation marks omitted); *accord Singh v. District of Columbia*, 881 F. Supp. 2d 76, 81 (D.D.C. 2012). However, the court need not consider inferences in the pleading that "are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga*, 677 F.3d at 476 (citations omitted).

Plaintiff's Complaint is drafted so tersely as to make it nearly inscrutable. It is only three pages long and consists of fifteen paragraphs. *See* Compl. The half-page section titled "Facts" contains only six paragraphs, none of which make express mention of the 2014 HOD. *Id.* at ¶¶ 10-15. The Complaint contains no separate section that sets forth specific claims. Nor does the Complaint specify how the 2014 HOD allegedly violated the IDEA. Indeed, the Complaint contains only a single direct reference to the 2014 HOD—in the "Jurisdiction and Venue" section of all places—which states that "[i]n an order issued February 25, 2014, the presiding Hearing Officer denied Ms. McNeil *the relief sought here*." *Id.* at ¶ 3 (emphasis added). "The relief sought here" apparently is a reference to five lines of relief sought, none of which expressly refer to the 2014 HOD. *Id.* at 3.

Despite these glaring flaws, the Complaint meets the Rule 8 pleading requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The purpose of this minimum standard is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of res judicata applies." *Palmieri v. United States*, __ F. Supp. 3d __, No. 12-1403 (JDB), 2014 WL 5516184, at *7 (D.D.C. Nov. 3, 2014).

The 2014 HOD, which the Complaint incorporates, *see Tellabs*, 551 U.S. at 322, adds detail that is otherwise missing from the face of the Complaint. It recites Plaintiff's allegations against the District of Columbia, the process and procedure involved in initiating and completing the due process hearing, and the findings of fact and conclusions of law made by the Hearing Officer. *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss, ECF No. 4, Ex. 1 at 31-47 [hereinafter Pl.'s Opp'n, Ex. 1].[1] Although the Complaint does not expressly articulate the 2014 HOD's alleged errors, it does allege that "the presiding Hearing Officer denied Ms. McNeil *the relief sought here*." Compl. ¶ 3 (emphasis added). The "relief sought" is spelled out on page three of the Complaint, thus sufficiently putting Defendant on notice about what Plaintiff seeks to challenge and what she seeks as remedies. *Id.* at 3.

Despite the Complaint's vagueness, Plaintiff has presented a claim under the IDEA challenging the 2014 HOD. Plaintiff's counsel would do better in the future to provide greater clarity of his client's claims. Otherwise, he risks dismissal of future complaints. Defendant's Motion to Dismiss under Rule 12(b)(6) is denied.

## II. Dismissal for Failure to Exhaust Administrative Remedies as to the 2012 HOD

Defendant also moves to dismiss Plaintiff's Complaint on the ground that she has failed to exhaust remedies as to the 2012 HOD—the only HOD explicitly referenced in the Complaint, except in ¶ 3. Plaintiff's opposition brief makes clear, however, that the only decision she challenges in this suit is the 2014 HOD. *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss, ECF No. 4 at 7. Defendant's exhaustion argument nevertheless is still potentially valid to the extent that the 2014 administrative complaint challenged the implementation of the 2012 HOD and Plaintiff now seeks review of that portion of the decision. In the 2014 administrative proceedings, Plaintiff's

---

[1] The "Exhibit 1" identified on ECF contains multiple documents that have overlapping page numbers, so ECF page numbers will be used in citations instead of the original page numbers found on the documents.

first claim challenged the "implement[ation]" of the 2012 HOD and her second claim contested the IEP that was formulated following the 2012 HOD. Pl.'s Opp'n, Ex. 1 at 9, 15, 33-34. The remainder of the 2014 administrative complaint raised claims arising from a January 2013 IEP, which the District does not argue were un-exhausted.

Pursuant to federal regulations, "a complaint alleging a public agency's failure to implement a due process hearing decision must be resolved by the [State Education Agency]." 34 C.F.R. § 300.152(c)(3). In the District of Columbia, the "State Education Agency" is the Office of the State Superintendent of Education (OSSE). OSSE policy dictates that questions of implementation must be resolved by the State Complaint Office. State Complaint Office, District of Columbia Office of the State Superintendent of Education, District of Columbia Formal State Complaint Policy & Procedures 3 (Nov. 2009), *available at* http://osse.dc.gov/sites/default/files/dc/sites/osse/publication/attachments/State%20Complaints%20Policy%20and%20Procedure.pdf.[2] Plaintiff did not challenge the implementation of the 2012 HOD with the State Complaint Office before filing her Complaint in this court.

Judge Jackson recently addressed the standard of review on a motion to dismiss for failure to exhaust administrative remedies.

> [T]he failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of pleading and proving. However, in evaluating a Rule 12(b)(6) motion, the court may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice. Therefore, a defendant may raise an affirmative defense (such as exhaustion of administrative remedies) under Rule 12(b)(6) only when the facts that give rise to the defense are clear from the face of the complaint. This means, then, that a court can only dismiss a complaint under Rule 12(b)(6) on the grounds that a plaintiff has failed to exhaust its administrative remedies if the complaint itself states that the plaintiff has failed to exhaust its administrative remedies.

---

[2] This policy manual was revised as of November 2009; the webpage on which it appears was updated in 2011. There are no other, more recent manuals available.

*Mackinac Tribe v. Jewell*, No. 14-CV-0456 (KBJ), 2015 WL 1517514, at *7 (D.D.C. Mar. 31, 2015) (alteration in original) (citations omitted) (internal quotation marks omitted).

At this stage, the court cannot say whether Plaintiff failed to exhaust her administrative remedies as to the 2012 HOD or whether that defense is even properly before the court. It appears that Defendant contested the 2014 Hearing Officer's jurisdiction to hear claims related to the 2012 HOD. The 2014 HOD states: "On 01/28/14, DCPS filed District of Columbia Public Schools' Partial Motion To Dismiss Petitioner's Due Process Complaint, challenging the Hearing Officer's jurisdiction to decide Issues #1 and #2 of the complaint." Pl.'s Opp'n, Ex. 1 at 33. Defendant's motion was denied. *Id*. However, the limited record before the court does not contain the grounds for the District's motion to dismiss or the reasons for the Hearing Examiner's decision. Without those facts, the court cannot, at this juncture, say whether Plaintiff failed to exhaust her remedies. It also cannot say whether the District's exhaustion defense is properly before the court, because if not raised in the 2014 administrative proceedings, the defense arguably was waived. *Cf. Wash. Ass'n for Tel. & Children v. FCC*, 712 F.2d 677, 680 (D.C. Cir. 1983) (stating that "claims not presented to the agency may not be made for the first time to a reviewing court"). These questions potentially await resolution on summary judgment.

## III. Conclusion

For the foregoing reasons, the court concludes that the Plaintiff has (1) sufficiently stated a claim under Rule 8 upon which relief may be granted, and (2) Defendant has not at this stage carried its burden to show that Plaintiff failed to exhaust administrative remedies. Accordingly, the court denies Defendant's Motion to Dismiss.

Dated: June 10, 2015

Amit P. Mehta
United States District Judge

6